## Henry Myers v. Van Norman, Shattuck, Paxson & Co.

1.   BURDEN OF PROOF—*Replevin of Mortgaged Property.*—In replevin of mortgaged property the burden is upon the plaintiff to show by the evidence that the property seized upon the writ of replevin is covered by the mortgage.

**Replevin.**—Appeal from the Circuit Court of McDonough County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the November term, 1899. Reversed and remanded. Opinion filed February 27, 1900.

SWITZER & MELOAN, attorneys for appellant.

PONTIOUS & PONTIOUS, attorneys for appellees.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Elmer Hire executed, acknowledged and delivered to appellees a chattel mortgage upon twenty head of calves and other cattle described, including twenty-six cows, "with their increase," and during the lien of such mortgage appellant purchased of Hire twenty-eight calves, twenty-two from Hire's farm and six from Boyd's sold by Hire, whereupon appellant brought this suit in replevin for twenty-three head of calves, and recovered verdict and judgment, to

reverse which appellant appeals to this court, and alleges the verdict is not supported by the evidence.

The burden of proofs was upon the plaintiffs to show by the evidence that the calves seized upon the writ of replevin were covered by the mortgage. The property was purchased by Hire of appellees, in Chicago, and shipped to his farm in McDonough county, and the evidence shows that nineteen calves were taken to the farm in one place, and three or four crippled ones were also hauled out, and a part of them died, leaving not less than seventeen. Appellant testified seven head of twenty-eight he purchased died, but none of these were of the number taken from Boyd's. There was no evidence that there was increase of calves after the execution of the mortgage, nor that Hire had purchased or owned calves from other sources, and so the state of the evidence in the record leaves it wholly to presumption or conjecture whether more than seventeen of the calves purchased by appellant were covered by the mortgage, and the recovery being for twenty-three, it is therefore apparent that the rule of the law above stated as to the burden of proof was not fulfilled as regards the number of calves in excess of seventeen, and for such reason the judgment of the Circuit Court will be reversed and the cause remanded for a new trial. Reversed and remanded.